```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF OKLAHOMA
```

FILED

APR 20 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

LINDSEY KENT SPRINGER, )
 )
    Plaintiff, )
 )
v. ) Case No. 15-CV-142-JED-FHM
 )
(1) The agency UNITED STATES ATTORNEY )
FOR THE NORTHERN DISTRICT OF OKLAHOMA, )
Danny C. Williams, Sr., Officially, )
et al., )
 )
    Defendants. )

## MOTION TO TRANSFER CASE TO THE DISTRICT OF COLUMBIA

Lindsey Kent Springer ("Plaintiff") moves the Court for an order transferring this case to the District of Columbia United States District Court pursuant to 28 U.S.C. § 1404.

### BACKGROUND

Plaintiff commenced this action in the Western District of Texas who, based upon 5 U.S.C. § 552, transfered this case to the Court herein. See Exhibit 1. Plaintiff was found to have properly brought the case in the Western District of Texas but the Court therein concluded:

> "However, the requested documents are situated in the United States Attorney's Office for the Northern District of Oklahoma."

Id. at 1

The Western District of Texas found, of the four criteria it considered, the transfer was justified. Id. at 2.

This Motion follows.

1. The Four Criteria weighs heavily in favor of transfer to the District of Columbia.

The Western District of Texas relied upon 4 criteria to transfer this case to this District, as follows:

1

  A. The relative ease of access to sources of proof;

  B. The availability of compulsory process to secure the attendance of witnesses;

  C. The cost of attendance for willing witnesses;

  D. All other practical problems that make trial of a case, easy, expeditous, and in expensive;

Id. at 1

  A. Source of Proof

Plaintiff attached 38 exhibits to his complaint. In each instance, the source of proof would appear to be in the District of Columbia. For instance, Exhibit 32, pg. 1-2 states that Danny C. Williams, Sr., and his assistant, Cathryn D. McClanahan ("Williams" and "McClanahan") direct Plaintiff to the District of Columbia:

> "your requests [there are seven] have been sent to the Freedom of Information Act Unit...in Washington D.C.....In the future, please direct any additional FOIA matters to the FOIA Unit in Washington D.C....The address for the FOIA Unit in Washington D.C. is....If you have any questions regarding this matter, please direct your inquiry to the FOIA Unit in Washington D.C."

The Attorney General Eric Holder is in Washington D.C., Complaint at 2 The Executive Office of United States Attorneys (EOUSA) and Susan B. Gerson are in Washington D.C. Complaint at 2. The Office of Information Policy (OIP) and Sean R. O'Neill are in Washington D.C. Complaint at 2. The Tax Division Counsel for FOIA and PA Matters and Carmen M. Banerjee, are also in Washington, D.C. Complaint at 2.

The source of proof is clearly located, so all Defendants say, in Washington D.C. Plaintiff agrees the agency United States Attorney for the Northern District of Oklahoma is convenient for this Court but both Williams and McClanahan direct the proof goes through Washington D.C.

This criteria is in favor of the District of Columbia.

  B. The availability of compulsory process

The second criteria points directly at Washington D.C. All parties either directed Plaintiff to Washington D.C., or are in Washington D.C. For instance, the OIP letter dated September 29, 2014, Exhibit 10 to Complaint, affirming Ms. Gerson's June 4, 2014 decision that Charles A. O'Reilly (O'Reilly) was no longer with the Department of Justice, Exhibit 7 to Complaint, and there was no record located in EOUSA Personnel showing O'Reilly ever being appointed Special Assistant United States Attorney for the Northern District of Oklahoma (SAUSA), directs Plaintiff to Ms. Banerjee in some other part of the Department of Justice, located in Washington D.C. See Exhibit 10, pg. 1

Except for Williams, McClanahan, Thomas Scott Woodward (Woodward), Kenneth P. Snoke (Snoke), and Jeffrey A. Gallant (Gallant), all other appointments at issue are of persons out of Washington D.C.. Also, all the records sought derive from, or originate from, Washington D.C. Woodward, in another example, along with Snoke and O'Reilly, declared on January 27, 2010, Eric Holder appointed Woodward as the Northern District of Oklahoma's United States Attorney on January 21, 2010. See Exhibit 9, pg. 6 of 8 to Complaint.(footnote 1)

This criteria points directly at Washington D.C. for venue of this case and jurisdiction.

  C. The Cost of attendance for witnesses

The witnesses in this case are mostly located in Washington D.C., save for Williams, McClanahan, Snoke, and Gallant.

This criteria favors Washington D.C. as the place to decide this case.

  D. Practical problems and expeditious,as well as expense, favors the District of Columbia.

This case, if not in the Western District of Texas, is only practical in

3

the District of Columbia. The expense of bringing 4 people to Washington D.C. or 15 people to Tulsa, weighs heavily in favor of Washington D.C.

The fourth criteria weighs heavy in favor of this case being in the District of Columbia.

2. Plaintiff chooses to bring this action in the District of Columbia

Plaintiff's first choice was the Western District of Texas where Plaintiff is located. 5 U.S.C. § 552(a)(4)(B)(2012) provides jurisdiction is in (1) the district Plaintiff resides, (2) the district in which the agency records are situated, or (3) in the District of Columbia.

The second and third place of jurisdiction in this case is the District of Columbia. That is where the records sought are situated and that is the third option generally. There is little to no reason why this case should be heard in the Northern District of Oklahoma.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party moving to transfer a case bears the burden of showing that the existing forum is inconvenient. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515(10th Cir. 1991)

> A. Plaintiff chooses the District of Columbia and had Texas not been an option, Plaintiff would have filed this case in the District of Columbia.

Chrysler Credit Corp. set out 9 criteria with Plaintiff's choice of forum being number 1 on the list. As shown above, most of the witnesses, and process, to compel attendance, is in the District of Columbia. The cost of proof is much less, the records are situated in, the judgment would be enforceable in, and a fair trial can be had in, the District of Columbia. The District of Columbia is more familure with FOIA matters generally. No issue of local law is present.

4

The District of Columbia is the practical, efficient, and least expensive place for trial.

Plaintiff chooses the District of Columbia in which to bring this Complaint. See Declaration of Lindsey Kent Springer filed in Support of this Motion.

## CONCLUSION

Plaintiff respectfully requests this Court enter an order transferring this case to the District of Columbia United States District Court pursuant to 28 U.S.C. § 1404.and the reasons outlined above.

Respectfully Submitted,

Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015, I mailed First Class Postage Prepaid, the above Motion to Transfer to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103;

I further certify that there are no parties to serve at this point of the case:

/s/ Lindsey K. Springer
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on April 13, 2015, I deposited the above Motion to Transfer in the U.S. Mailbox located inside FSL La Tuna to the address identified above.

/s/ Lindsey K. Springer
Declarant

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | § | |
|---|---|---|
| LINDSEY KENT SPRINGER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-15-CV-75-FM |
| | § | |
| UNITED STATES ATTORNEY FOR THE | § | |
| NORTHERN DISTRICT OF OKLAHOMA, | § | |
| *et al.*, | § | |
| Defendants. | § | |

## TRANSFER ORDER

In a *pro se* motion to proceed *in forma pauperis*, Plaintiff Lindsey Kent Springer seeks leave to pursue, without prepaying costs or fees, a complaint under the Freedom of Information Act, 5 U.S.C. § 552. In his complaint, Plaintiff asks the Court to order Defendants, including the United States Attorney for the Northern District of Oklahoma, to produce documents related to appointments to various positions within his office.

The venue provision in 5 U.S.C. § 552 provides:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.[1]

Plaintiff is a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the territorial confines of the Western District of Texas.[2] Thus, the case is properly before the Court. However, the requested documents are situated in the United States

---

[1] 5 U.S.C. § 552(a)(4)(B) (2012).

[2] 28 U.S.C. § 124(d)(3) (2012).

EXHIBIT 1 - 1 of 2

Attorney's Office for the Northern District of Oklahoma.[3] Thus, venue is also proper in that district.

For the "convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[4] In the instant case, factors favoring a transfer include (1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of witnesses, (3) the cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[5]

Accordingly, the Court, after due consideration and in the interest of justice, **ORDERS** the District Clerk to **TRANSFER** Plaintiff's motion to proceed *in forma pauperis* and his complaint under the Freedom of Information Act, 5 U.S.C. § 552, to the Northern District of Oklahoma.

**SO ORDERED.**

SIGNED this _____20_____ day of March 2015.

*[signature]*

FRANK MONTALVO
**UNITED STATES DISTRICT JUDGE**

---

[3] 5 U.S.C. § 552(a)(4)(B).

[4] 28 U.S.C. § 1404(a) (2012).

[5] *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 380 (5th Cir. 2007).

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"

**RECEIVED**

APR 20 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

15-CV-142-JED-FHM

⇔02580-063⇔
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States



Postmark Eligible

7410333839 C006