IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLHAOMA

**FILED**

MAY 4 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

LINDSEY KENT SPRINGER,

    Plaintiff,

v.                         Case No. 15-CV-142-JED-FHM

(1) The agency UNITED STATES ATTORNEY
FOR THE NORTHERN DISTRICT OF OKLAHOMA,
Danny C. Williams, Sr., Officially; et al.,

    Defendant.

## MOTION FOR CERTAIN RELIEF

Lindsey Kent Springer ("Plaintiff") moves the Court for an order directing the Clerk of Court to provide additional Form USM 285. Under the Freedom of Information Act Plaintiff is required to bring into Court those persons who Plaintiff alleges violated the Act. Under Federal Rules of Civil Procedure Plaintiff is required to serve the agency and officer.

In Plaintiff's Complaint he alleges the following Defendants:

(1) The agency UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF OKLAHOMA, Danny C. Williams, Sr., Officially;

(2) The agency UNITED STATES DEPARTMENT OF JUSTICE, Eric D. Holder, Jr., Officially;

(3) The EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS, Susan B. Gerson, Officially;

(4) The OFFICE OF INFORMATION POLICY, Sean R. O'Neill, Officially;

(5) The DIVISION COUNSEL FOR FOIA AND PA MATTERS, Carmen M. Banerjee, Officially,

On March 30, 2015, this Court entered an order directing the Clerk of Court to send 4 Form USM 285 to Plaintiff. See Doc. 5. However, in that very order, the Court listed Defendants as follows:

"UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF OKLAHOMA, Danny C. Williams, Officially: UNITED STATES ATTORNEY GENERAL, DEPARTMENT OF JUSTICE; UNITED STATES ATTORNEY'S OFFICE: THE OFFICE OF INFORMATION POLICY; THE DIVISION COUNSEL FOR FOIA AND PA MATTERS, Defendnats."

Besides serving the named Defendants, Plaintiff is also required to serve

1

the United States Attorney for the district and the Attorney General of the United States. See Fed.R.Civ.Pr. 4(i).

Plaintiff realizes that there is overlap between who the Defendants are and the requirement that Plaintiff serve the United States Attorney and Attorney General of the United States. However, the Court will need to understand that crafty attorneys employed by the Department of Justice, or within Mr. William's agency, will stop at nothing to prevent Plaintiff from discovering the truth about the various public appointment documents Plaintiff has been seeking for the better part of 5 years.

The way Plaintiff sees it at this point, Plaintiff needs to serve Mr. Williams, once as the United States, and a second time as a named Defendant agency under the Freedom of Information Act. Plaintiff also believes that he needs to serve "The Attorney General of the United States," as required also by Rule 4(i), and a second time where Mr. Holder is named officially as a Defendant under the Freedom of Information Act. This places Plaintiff's need for Form USM 285 at four.

Then, under the Freedom of Information Act, Plaintiff needs to serve Susan B. Gerson who is the person responding to some of Plaintiff's FOIA requests on behalf of the EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS. Here, Plaintiff realizes the EOUSA is within the Department of Justice, but Courts are divided on whether serving the Department of Justice is sufficient for purpose of bringing its EOUSA, and its employee, within the jurisdiction of the district court. Again, slick Department of Justice lawyers bent on preventing justice will exploit this distinction to whatever advantage they may gain and even if the gain is mere weeks or months from having to be held to account for their very false statements made in the name and for the benefit of the United States.

This brings the total number of forms need to five.

Next, is the problem created by the Court's changing of the names of the Defendant. Plaintiff alleges the third Defendant is the "EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS" but this Court changed that Defendant to:

"UNITED STATES ATTORNEY'S OFFICE."

The proper party, as the cases all show, would be the EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS, as a subcomponent of the Executive Deparment of Justice. Plaintiff is not sure why the District Court changed the third Defendant from EOUSA to "United States Attorney's Office," but this Court must find that distinction it drew in styling Plaintiff's Complaint, which leads to the possible reason why the Court ordered Plaintiff be sent by the Clerk only four Form 285s, is in error and must be corrected.

Just to be clear, "[T]here is some disagreement in [the D.C. Circuit] about whether the FBI, and like agency components, are subject to FOIA in their own names." Jean-Pierre v. Fed. Bureau of Prisons, 880 F. Supp. 2d 95, 101 (D.D.C. 2012. "Although a small number of decisions hold that only the DOJ, and not its subcomponents, may be sued under FOIA, see e.g. Holt v. U.S. Dept. of Justice, 734 F. Supp. 2d 28, 33 n.1 (D.D.C. 2010), Benavides v. Bureau of Prisons, 774 F. Supp. 2d 141, 143 n.1(D.D.C. 2011), the weight of authority is that subcomponents of Federal Executive departments may, at least in some cases, be properly named as FOIA defendants." Jean-Pierre, 880 F. Supp.2d at 101. See also Peralta v. U.S. Atty's Office, 136 F.3d 169, 173-74, 329 U.S. App. D.C. 26(D.C. Cir. 1998)("We suspect that the FBI is subject to the FOIA in its own name."); McGehee v. CIA, 697 F.2d 1095, 1108, 225 U.S. App. D.C. 205(D.C. Cir. 1983)("The organs of government that first compiled the records" are "clearly covered by the Act.")

In Acosta v. FBI, 946 F. Supp. 2d 47, 50(D.D.C. 2013), that Court reported that even though the Government attorneys were well aware of the decades long

3

decisions that components are properly brought into Federal Court under FOIA, the "Federal Defendants categorically state[d] that 'only Federal agencies [rather than components of such agencies] are proper party defendants in FOIA litigation."

Plaintiff only brings this point out at this juncture due to Plaintiff's total distrust of the Department of Justice and the United States Attorney's Office for the Northern District of Oklahoma.

The Fourth Defendant, the "OFFICE OF INFORMATION POLICY," and its official Sean R. O'Neill, bring the number of persons to be served, to Six.

The Fifth Defendant, the "DIVISION COUNSEL FOR FOIA AND PA MATTERS," and its Carmen M. Banerjee, bring the number of Form 285s that Plaintiff needs to Seven. In Plaintiff's complaint, Plaintiff attached Mr. O'Neill's denial of Plaintiff's appeal of Ms. Gerson's finding that she could find no record of Charles A. O'Reilly's appointment as a "Special Assistant United States Attorney," and even went so far as to say she found he was no longer an employee of the Department of Justice, See Comp. at Exhibit 7 and 10, and where Mr. O'Neill directs Plaintiff to Ms. Banerjee at "Division Counsel for FOIA and PA Matters," Comp. at Exhibit 10, 1 of 2, giving Plaintiff an address that 13 out of 14 times the Post Office found no such address existed. See Comp. at Exhibit 33, pages 1 through 7.

So, for the Court to find that the Five Defendants are unnecessary because Four of them are components of the Department of Justice, would only open up the door for the type of lawyering Plaintiff is keenly aware of by the Department of Justice attorneys and to which Plaintiff seeks to avoid AT ALL COSTS!

Plaintiff is aware of some district courts that simply order the Clerk of Court to serve the Defendants and completing the Form 285 and sending it on to the U.S. Marshal for service of Defendants. In this case, the district court has opted to have Defendant complete the forms and provide the proper addresses.

4

## CONCLUSION

Plaintiff respectfully requests this Court enter an order to direct the Clerk of Court to forward to Plaintiff 3 more Form USM 285, making the total number of Defendants to be served at Seven, and to correct the caption of the case to reflect that the Third Defendant is the "Executive Office of United States Attorneys." See also Comp. at Exhibit 32 ("your requests have been sent to the Freedom of Information Act Unit, Executive Office for the United States Attorneys in Washington, D.C.")

Respectfully Submitted,

*/s/ Andrew K. Sprung*
Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2015, I sent by U.S. Mail, First Class, Postage Prepaid, the above Motion for Certain Relief to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103:

I further certify that there are no parties to serve at this time.

*/s/ Lindsey K. Springer*
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on April 27, 2015, I deposited the above Motion for Certain Relief in the U.S. Mailbox located inside FSL La Tuna to the address listed above.

*/s/ Lindsey K. Springer*
Declarant

Lindsey Kent-Springer
Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"

RECEIVED
MAY 04 2015
Phil Lombardi, Clerk
U.S. DISTRICT COURT

15-cv-142-JED-FHM

⇔ 02580-063 ⇔
Clerk Of Court
U.S. Courthouse Rm. 411
333 W 4TH ST
Tulsa, OK 74103
United States

EL PASO TX

Post Marked 4-29-