FILED
SEP 14 2015
Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LINDSEY K. SPRINGER,

    Plaintiff,

v.                    Case No. 15-CV-142-JED-FHM

(1) The agency UNITED STATES
ATTORNEY FOR THE NORTHERN
DISTRICT OF OKLAHOMA, Danny
C. Williams, Sr., Officially;
et al.,

    Defendants.

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MAKING PUBLIC THE APPOINTMENT BY ATTORNEY GENERAL ERIC H. HOLDER Jr. APPOINTING THOMAS SCOTT WOODWARD PURSUANT TO 28 U.S.C. § 546(a)

Lindsey K. Springer ("Plaintiff") files his reply to Defendants' Response (Doc. 44) to Plaintiff's Motion for Order Making Public the Appointment by Attorney General Eric H. Holder, Jr.'s Appointment of Thomas Scott Woodward as the Northern District of Oklahoma's United States Attorney pursuant to 28 U.S.C. § 546(a).

1. Defendants' argue Plaintiff is using a FOIA action to obtain species of relief not contemplated under FOIA and again attempts to relitigate issues already decided by this Court in other matters.

2. Defendants' argue Plaintiff cannot have it both ways in the record of the Northern District Court regarding the existence, or nonexistence, of an instrument appointing Thomas Scott Woodward to the Office of United States Attorney for 120 day term.

### ARGUMENT

**1. Plaintiff is not arguing for a specie of relief not contemplated by FOIA**

One thing is certainly clear at this point. Defendants' know exactly what Plaintiff seeks from Defendants. Instead of saying here it is, Defendants' refuse to produce the record they have said exists. See Exhibits 2,15,23, and 37. Plaintiff showed the record in this case what an appointment order looks like. See Exhibit 44 attached to Plaintiff's Declaration.

1

Plaintiff requests simply that this Court issue an order making public the record of appointment the Court relied upon in its exercise of the Court's administrative authority at 28 U.S.C. § 546(d).

"Under 28 U.S.C. § 546, the Attorney General may appoint a United States Attorney for a district in which the office of United States Attorney is vacant for 120 days." U.S. v. Rose, 537 F. Supp. 2d 1172, 1176(D.N.M. 2008). "After that appointment expires, 'the district court for such district may appoint a United States Attorney to serve until the vacancy is filled.'" Id. "Only where the executive branch defaults, then, does the district court have the authority to appoint a prosecutor." Id.

"Congress has divided the responsibility for making such interim appointments between the Attorney General and district courts." U.S. v. Young, 541 F. Supp. 2d 1226, 1230(D.N.M. 2008) The term "district court' under § 546(a) means the same as 28 U.S.C. § 132(b):

> "Each district court shall consist of the district judge or judges for the district in regular active service."

28 U.S.C. § 451 defining judge of the district court refers back to § 132(b):

> "the term 'judge of the United States includes judges of...district courts ..., the judges of which are entitled to hold office during good behaviour."

In U.S. v. Baldwin, 541 F. Supp. 2d 1184, 1187(D.N.M. 2008) the Court explained "a majority of the Article III judges of the United States District Court for the District of New Mexico, acting sua sponte, exercised the Court's authority under 28 U.S.C. § 546(d) and appointed Mr. Fouratt as United States Attorney for the District of New Mexico."

Section 546(d) reads:

> "If an appointment expires under subsection (c)(2) the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The order of appointment by the Court shall be filed with the Clerk."

2

See also Preserving Independence of United States Attorney Act of 2007, P.L. 110-34, § 2, 121 Stat. 224.

Plaintiff merely requested this Court enter an order making public the instrument of appointment by Attorney General Eric H. Holder, Jr. issued, on or about January 25, 2010, under his authority at 28 U.S.C. § 546(a), "that Judge Eagan relied upon in exercising the authority of Congress, pursuant to 28 U.S.C. § 546(d), on May 24, 2010." Doc. 43, pg. 3

Plaintiff acknowledges that the district court is not subject to FOIA and Plaintiff has made no claim in his complaint against the district court.

However, "this Court has the 'inherent supervisory power' to formulate procedural rules not required by statute." Carlisle v. U.S., 517 U.S. 416, 425-26(1996).

Rule 1 of the Federal Rules of Civil Procedure require the Court to construe and administer the Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Celotex Corp. v. Catrett, 477 U.S. 317, 327(1986).

FOIA does not withhold the district court's inherent authority and the aim of FOIA is to "ensure an informed citizenry, vital to the function of a democratice society," FBI v. Abramson, 456 U.S. 615, 621(1982), "to achieve ...[these goals], the FOIA is designed to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Anderson v. Health & Human Servs., 907 F.2d 936, 941(10th Cir. 1990).

The public's access is authorized for "information that sheds light upon the government's performance of its duties." Sheet Metal Worker's Local, No. 9 v. U.S. Air Force, 63 F.3d 994, 996(10th Cir. 1995)

This Court should order the Attorney General's appointment of Mr. Woodward, to the Office of United States Attorney, on or about January 25, 2010, to be made public.

3

2. Plaintiff is not attempting to relitigate anything.

Williams' agency has never been required to provide the records of appointment he asserted publicly, in this record of this Court, that existed in his January 17, 2014 filing in 08-CV-278.

Williams' agency has never been required to provide what he said publicly existed on October 24, 2013 in 09-CR-043.

If the public can request these appointment instruments be made public then so can Plaintiff.

3. Plaintiff is not requesting Judge Eagan explain herself. The requires an Attorney General Appointment to preceed the May 24, 2010 appointment order.

Plaintiff is not requesting Judge Eagan explain what appointment by the Attorney General did she rely upon in issuing the May 24, 2010 order appointing Mr. Woodward to the office of United States Attorney pursuant to 28 U.S.C. § 546(d). The law requires the Attorney General appointment and the public has a right to known the law is being obeyed.

Everyone in any branch of Government is accountable to someone, or group of someones, in the United States of America. No person is above the law. See Truax v. Corrigan, 257 U.S. 312, 332(1921)("our whole system of law is predicated on the general fundamental principle of equality of application of the law.") "All men [and women] are equal before the law," "this is a government of laws, and not of men [or woman]," "[N]o man [or woman] is above the law,"- are all maxims showing the spirit in which legislatures, executives, and courts are expected to make, execute, and apply laws." Traux, 257 U.S. at 332

When Judge Eagan entered her May 24, 2010 order appointing Woodward, pursuant to 28 U.S.C. § 546(d), she was also saying she found an appointment by the Attorney General, pursuant to § 546(a) had expired. Congress withholds the district court's authority to make an order of appointment under § 546(d) without a § 546(a) appointment expiring.

4

4.  Plaintiff is proceeding under FOIA presuming, without saying, what the attorneys representing the Government say exists is in fact true.

Defendants' argue in footnote 2 that "Plaintiff cannot argue on the one hand that he is being denied documents which he knows exist, while simultaneously uring the Court to find that no such documents exist.."

Plaintiff has not asked this Court, in this case, to find records he seeks do not exist. Williams said the records exist, he is the source of that information, and sougth and obtained a decision baed upon the Court finding a presumption in Williams favor that what he said was in fact true.

Plaintiff, as well as the public, has an ongoing interest in his liberty and what Plaintiff plans to do with the information Plaintiff ultimately receives, is not a concern in this case. See DOJ v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 771(1989)(a requestor's basic access right are neither increased or decreased based upon the requestor's particular interest in the record sought); and see NARA v. Favish, 541 U.S. 157, 172(2004)("[a]s a general rule, when documents are within FOIA's disclosure provision, citizens should not be required to explain why they seek the information.")

It is not Plaintiff that is speaking out of both sides of his mounth. It is Government attorneys who wish to receive the benefit of what they say is in fact true, whether it be that instruments of appointment exist, on the one side, and on the other, they argue they have provided all the instruments that exist in the agency records.

CONCLUSION

Plaintiff respectfully requests this Cout overrule Defendants' objections and order the making public of the January, 2010 instrument of appointment by Attorney General Eric H. Holder Jr., appointing Mr. Woodward under § 546(a).

Respectfully Submitted,

*[signature]*
Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

5

CERTIFICATE OF SERVICE

I hereby certify that on September __10__, 2015, I mailed by U.S. Postal First Class the above __Reply__ to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103:

I further certify that all parties are registered ECF users and the following shall receive service of this __Reply__ through the Court's ECF system;

Danny C. Williams, Sr.
Eric H. Holder, Jr.
Susan B. Gerson
Sean R. O'Neill
Carmen M. Banerjee

Through Cathryn D. McClanahan
Counsel for all Defendants

*/s/ Lindsey K Springer*
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. Section 1746(1), under the laws of the United States of America, that on September __10__, 2015, I deposited the above __Reply__ in the U.S. Mail Box located inside FSL La Tuna to the address listed above.

*/s/ Lindsey K Springer*
Declarant

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Low - La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"

15-cv-142-JED-FHM

RECEIVED
SEP 14 2015
Phil Lombardi, Clerk
U.S. DISTRICT COURT

⇔02580-063⇔
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

EL PASO TX 799
11 SEP 2015 PM 1 L

Postmark
9/11/15
RC