**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LINDSEY KENT SPRINGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-CV-0142-JED-FHM** |
| | ) | |
| **(1) UNITED STATES ATTORNEY FOR** | ) | |
| **THE NORTHERN DISTRICT OF** | ) | |
| **OKLAHOMA, Danny C. Williams, Sr.,** | ) | |
| **Officially;** | ) | |
| **(2) UNITED STATES DEP'T OF JUSTICE,** | ) | |
| **Eric D. Holder, Jr., Officially;** | ) | |
| **(3) EXECUTIVE OFFICE OF UNITED** | ) | |
| **STATES ATTORNEYS, Susan B.** | ) | |
| **Gerson, Officially;** | ) | |
| **(4) OFFICE OF INFORMATION POLICY,** | ) | |
| **Sean R. O'Neill, Officially;** | ) | |
| **(5) DIVISION COUNSEL FOR FOIA AND** | ) | |
| **PA MATTERS, Carmen M. Banerjee,** | ) | |
| **Officially;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## OPINION AND ORDER

This is a civil action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Administrative Procedures Act (APA), 5 U.S.C. § 551, *et seq.*  Plaintiff, Lindsey Kent Springer, is a federal prisoner and appears *pro se*.  On August 3, 2015, Defendants filed a motion for summary judgment or, alternatively, to dismiss (Docs. 27, 28).  In support of the motion for summary judgment, Defendants provided the Declaration of Princina Stone, an Attorney-Advisor with Freedom of Information Act/Privacy Act (FOIA/PA) staff of the Executive Office for United States Attorneys (EOUSA), United States Department of Justice (DOJ) (Doc. 28-1), and the

Declaration of Linda M. Richardson, an Administrative Services Assistant for the DOJ, EOUSA (Doc. 28-2).  Plaintiff filed responses in opposition to Defendants' motions to dismiss and for summary judgment (Docs. 32, 33), along with his own declaration (Doc. 34).  Defendants filed a reply to Plaintiff's response (Doc. 45).  Plaintiff filed a motion for leave to file surreplies (Doc. 54), and the surreplies were filed of record (Docs. 55, 56).  Defendants filed a response to the motion for leave to file a surreply (Doc. 60) to which Plaintiff replied (Doc. 66), and Defendants filed a motion to strike the surreplies (Doc. 61), to which Plaintiff responded (Doc. 65).  Defendants filed a reply to Plaintiff's response (Doc. 69).

Additionally, Plaintiff filed motions to disqualify Danny Williams, the United States Attorney for the Northern District of Oklahoma, and Cathryn McClanahan, an Assistant United States Attorney for the Northern District of Oklahoma (Doc. 29); to substitute a party (Doc. 30); to strike Defendants' motion to dismiss, Doc. 27, as identical to their motion for summary judgment, Doc. 28, or, alternatively, for extension of time to respond (Doc. 31); "[F]or Order Making Public the Appointment by Attorney General Eric H. Holder, Jr., Appointing Thomas Scott Woodward Pursuant to 28 U.S.C. § 546(a)" (Doc. 43); and  to strike all "Docket Entries signed by Cathryn D. McClanahan" (Doc. 52), along with a declaration (Doc. 53) .  Defendants filed responses (Docs. 38-40, 44, 58) and a motion to strike the declaration (Doc. 59).  Plaintiff filed replies to these responses (Docs. 49, 50, 47, 46, 63) and a response to the motion to strike (Doc. 64).  Defendants filed a reply to Plaintiff's response to the motion to strike (Doc. 68).

Plaintiff filed a "Motion for Removal of Magistrate Frank H. McCarthy," along with a declaration (Docs. 15, 16), and Plaintiff also filed a "Notice to the Court" (Doc. 41).  Defendants filed a motion to strike the "Notice to the Court" (Doc. 42), Plaintiff filed a response (Doc. 48), and

2

Defendants filed a reply (Doc. 57).   Additionally, Plaintiff filed a motion for limited discovery related to the appointment of McClanahan (Doc. 62), to which Defendants responded (Doc. 67).

For the reasons discussed below, Defendants' motion for summary judgment shall be granted.  In addition, Defendants' motion to dismiss the individual defendants, sued in their official capacity, shall be granted.  Plaintiff's motions to disqualify Magistrate Judge McCarthy, Danny Williams, and Cathryn McClanahan shall be denied.  Plaintiff's motion to substitute a party shall be granted.  Plaintiff's motion for order making public shall be denied. Plaintiff's motion for leave to file a surreply is granted and the surreplies shall remain filed of record.  All other pending motions shall be declared moot.

## PRELIMINARY CONSIDERATIONS

### A.  Motion to Disqualify Magistrate Judge Frank H. McCarthy

Plaintiff filed a motion titled "Motion for Removal of Magistrate Frank H. McCarthy" (Doc. 15).  Plaintiff states that Magistrate Judge McCarthy "should not be allowed to sit with this Court for any purpose the laws or Congress and Constitution would allow Magistrates to conduct involving Plaintiff," *id.* at 7, because "due [to Plaintiff's] persistent attempt to obtain constitutional justice, [Magistrate Judge McCarthy] could not keep an objective reasoning involving my case herein in regard to me personally."  Doc. 16 at 2, ¶ 10.  Plaintiff requests that another magistrate judge be appointed pursuant to "LCvR 40."  Doc. 15 at 8.

Plaintiff seeks disqualification of Magistrate Judge McCarthy based on an allegation of bias or prejudice.  For disqualification under 28 U.S.C. § 455(a), a movant must show that a reasonable person, knowing all of the circumstances, would harbor doubts about the judge's impartiality; "rumor, speculation, and opinions are not sufficient." *Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th

Cir. 1997) (citing *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)); *see United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).   For disqualification under 28 U.S.C. § 455(b)(1), the movant must establish that the judge has personal bias or prejudices.  Disqualification must be predicated 'upon extrajudicial conduct rather than on judicial conduct,' and upon 'a personal bias "as distinguished from [a] judicial one," arising "out of the judge's background and association" and not from the judge's view of the law."'  *Green v. Nevers*, 111 F.3d 1295, 1303-04 (6th Cir. 1997) (citations omitted).  "Bias or prejudice," as used in § 455(b)(1), refers to a "favorable or unfavorable disposition or opinion" only if it was "somehow *wrongful* or *inappropriate*." *Liteky v. United States*, 510 U.S. 540, 550 (1994) (emphasis in original).

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person.  But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

*Id.* at 550-51.

According to Plaintiff, Magistrate Judge McCarthy issued a search warrant in Plaintiff's prior criminal case.  Doc. 15 at 1.  Plaintiff states that he attempted to challenge evidence gathered pursuant to the search warrant in his 28 U.S.C. § 2255 proceeding, Doc. 16 at 1-2, ¶¶ 2, 4-5. Plaintiff further states that the Tenth Circuit denied a certificate of appealability, *id.* at 2, ¶ 6, and that, as of the time he filed this motion, his Application for Certificate of Appealability is "pending before Supreme Court Justice Sonia Sotomayor, as the Circuit Justice over the Tenth Circuit."  Doc. 15 at 2.  Additionally, Plaintiff states that he "plan[s] on raising issue under Habeas Corpus the erroneous orders surrounding suppression denial if my attempt to obtain a Certificate of Appealability is ultimately unsuccessful."  Doc. 16 at 2, ¶ 8.  Plaintiff asserts that because he is "still

4

in controversy over the actions of Magistrate McCarthy taken on September 15, 2005, and thereafter," *id.* at 2, ¶ 10, and has chosen to engage in "almost 10 years of litigation with apparently no end in sight,"[1] Doc. 15 at 8, Magistrate Judge McCarthy "could not keep an objective reasoning involving [Plaintiff's] case herein in regard to [Plaintiff] personally."  Doc. 16 at 2, ¶ 10.

Plaintiff fails to allege facts that demonstrate personal bias or prejudice.  Nowhere in Plaintiff's motion or in his declaration does he state any facts supporting his conclusory statement that Magistrate Judge McCarthy would not be able to act reasonably towards Plaintiff.  Even though Plaintiff continues to challenge the search warrant issued by Magistrate Judge McCarthy, the Supreme Court in *Liteky* noted that "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Liteky*, 510 U.S. at 551.  Of greater significance, the issues in this case are unrelated to the search warrant issued by Magistrate Judge McCarthy a decade ago.  For those reasons, Plaintiff's "Motion for Removal of Magistrate Frank H. McCarthy" shall be denied.

## B. Defendants' Motion to Dismiss Named Defendants/Plaintiff's Motion to Substitute Party

Defendants filed a motion to dismiss arguing that "all individuals named as federal defendants must be dismissed" because "[t]he only proper defendant to a FOIA suit is a federal agency, not the individual components or officials."  Doc. 27 at 1-2 n.1 (citation omitted).  In addition, Plaintiff filed a motion to substitute a party (Doc. 30) requesting that Attorney General Loretta Lynch be substituted as a defendant in place of former Attorney General Eric Holder, Jr. In response, Defendants assert that the "substitution of one individual federal defendant for another

---

[1] Plaintiff declares that he "will never give up on this issue with the September 15, 2005 search warrant, until the merits are specifically addressed with a proper analysis."  Doc. 15 at 8.

would be improper" because the Court should dismiss all named defendants from this action.  Doc. 38 at 2.

FOIA actions are focused on reforming the unlawful actions of agencies and not of individual employees within those agencies.  *See* 5 U.S.C. § 552(a)(4)(B) (". . . the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.")  In a FOIA action, a plaintiff cannot sue agency employees in their individual capacity.  *See Kinard v. U.S. Dep't of Justice*, Civil No. 05-452, 2006 WL 1774366, at *4 (D.D.C. June 27, 2006) (unpublished)[2] (dismissing defendants sued in both their individual and official capacities) ("Plaintiff cannot maintain a FOIA claim against individual federal employees." (citations omitted)).  Furthermore, this Court lacks jurisdiction to hear FOIA claims against individuals, "even where such individuals are agency heads or other agency officials named in their official capacity."  *Santini v. Taylor*, 555 F. Supp. 2d 181, 184 (D.D.C. 2008) (citations omitted); *see Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Santos v. Drug Enforcement Agency*, 357 F. Supp. 2d 33, 36 (D.D.C. 2004); *Stone v. Defense Investigative Serv.*, 816 F. Supp. 782, 785 (D.D.C. 1993); *see also Parks v. I.R.S.*, 618 F.2d 677, 684 (10th Cir. 1980).  Therefore, to the extent Plaintiff seeks to hold liable individual defendants, sued in their official capacities as agency heads, Defendants' motion to dismiss shall be granted and Plaintiff's claims shall be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Because any claim against the United States Attorney General, sued in his or her official capacity as head of the United States Department of Justice, is dismissed for lack of jurisdiction,

---

[2]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value.  *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Plaintiff's "Motion to Substitute Attorney General Loretta Lynch for Eric Holder, Jr." is moot and shall be denied on that basis.

### C.  Motion to Disqualify Danny C. Williams and Cathryn D. McClanahan

Plaintiff filed a motion to disqualify Danny C. Williams from representing himself or other defendants in this case and to disqualify Cathryn D. McClanahan from representing defendants in this case.  Doc. 29.  Plaintiff argues that Defendant Williams cannot represent himself or other defendants in this case because he is a potential witness, *id.* at 3, and that if Defendant Williams is disqualified from representing himself or others in this case, McClanahan is also disqualified because her authority "derives from that of Mr. Williams."  *Id.* at 5.  Plaintiff also argues that McClanahan is a potential witness, *id*, and that McClanahan has no authority to act as an Assistant United States Attorney because the current Attorney General did not appoint her.  *Id.* at 4.  However, because defendants are entitled to summary judgment, there will be no trial.  Furthermore, under the facts of this case, there is no legal basis for disqualification.  Therefore, Plaintiff's motion to disqualify Danny C. Williams and Cathryn D. McClanahan shall be denied.

### D.  "Motion for Order Making Public the Appointment by Attorney General Eric H. Holder, Jr., Appointing Thomas Scott Woodward Pursuant to 28 U.S.C. § 546(a)"

Plaintiff filed a motion titled "Motion for Order Making Public the Appointment by Attorney General Eric H. Holder, Jr., Appointing Thomas Scott Woodward Pursuant to 28 U.S.C. § 546(a)." Doc. 43.  Plaintiff states that:

> [He] requested under the Freedom of Information Act the instrument of appointment by the Attorney General and has recently been informed by the Executive Office of the United States Attorneys that the only record they could find in their office, or that of Mr. Williams, was an oath Affidavit Mr. Woodward signed on May 25, 2010, after Judge Eagan's May 24, 2010 order of appointment.

*Id.* at 2. Plaintiff now asks the Court to make public the original "instrument of appointment." *Id.* at 3.

An "order making public" is an order for the release of documents that are confidential or subject to a protective order. *See generally United States v. Byrd*, No. RDB-14-0186, 2015 WL 221769 (D. Md. Jan. 13, 2015) (unpublished); *Jones v. Bucks Cnty. Court of Common Pleas Criminal Div.*, No. 85-1859, 1991 WL 155440 (E.D. Pa. Aug. 1, 1991) (unpublished); *Alabama Power Company: In re Walter Boundin Dam*, 57 F.P.C. 1499, 1977 WL 17338 (Mar. 10, 1977) (making public the records compiled during the course of a supplemental inquiry); Meri K. Christensen, *Opening the Doors to Access: A Proposal for Enforcement of Georgia's Open Meetings and Open Records Laws*, 15 Ga. St. U. L. Rev. 1075, 1091 (1999). Plaintiff claims that, in response to his FOIA requests, the EOUSA stated that it cannot find the document Plaintiff seeks. Plaintiff does not allege that public access to the document has been denied by order of the Court or by the decision of any other agency. Therefore, there is nothing that the Court can order to be made public. Hence, Plaintiff's motion is denied.

## BACKGROUND

In his complaint, Plaintiff alleges various violations of the Freedom of Information Act (FOIA) and the Administrative Procedures Act (APA) and identifies nine (9) specific claims:

Claim I:      Violation of FOIA – Failure to Adequately Uncover and Produce all Documents Related to the Appointment of Charles A. O'Reilly as a Special Assistant United States Attorney for the Northern District of Oklahoma

Claim II:     Violation of FOIA – Failure to Respond to Requests for Records and Documents of Appointments of Robert D. Metcalfe, James C. Strong, Charles A. O'Reilly, Kenneth P. Snoke, Thomas Scott Woodward, and Jeffrey A. Gallant, in and for the Northern District of Oklahoma

Claim III:    Violation of FOIA – Failure to Respond to Requests for Records and

8

Documents of Appointments of Robert D. Metcalfe, James C. Strong, Charles A. O'Reilly, Kenneth P. Snoke, Thomas Scott Woodward, and Jeffrey A. Gallant, in and for the Northern District of Oklahoma

Claim IV:     Violation of FOIA – Failure to Provide Access to Obtain Information Under FOIA

Claim V:     Violation of FOIA – Failure to Respond to Requests for Records and Documents of Appointments of Thomas Scott Woodward and Charles A O'Reilly, in and for the Northern District of Oklahoma

Claim VI:     Violation of the APA – Failure to Respond to Requested Appointments by United States Attorney Williams

Claim VII:     Violation of the APA – Failure to Respond to Requested Appointments by EOUSA

Claim VIII:     Violation of the APA – Failure to Provide Address for Public to make FOIA requests

Claim IX:     Injunction Against Further Violation of FOIA and the APA

(Doc. 19 at 11-17). In his request for relief, Plaintiff requests that the Court take action, as follows:

(1) [O]rder without any further delay that Defendants respectively and immediately process Plaintiff's requests for records and documents under FOIA related to (a) Robert D. Metcalfe, (b) James C. Strong, (c) Charles A. O'Reilly, (g) Thomas Scott Woodward, (e) Kenneth P. Snoke, (f) Jeffrey A. Gallant, (g) John A. Marrella, (h) Jonathan S. Cohen, (i) Gregory Victor Davis, (j) Frank Phillip Cihlar, (k) Tamara W. Ashford, (l) Alexander Patrick Robbins, (m) Robert W. Metzler, and (n) Laurie Snyder, in their entireties,

(2) [O]rder Defendants expeditiously to disclose the requested records and documents to Plaintiff within 20 days or such time as the Court sets in light of the expeditious nature of Plaintiff's FOIA requests,

(3) [O]rder Defendants be enjoined from any such further delay in producing the records and    documents sought by Plaintiff's FOIA requests of the persons listed above,

(3) [O]rder both Williams and Holder to provide an address for the Public to make FOIA requests related to the appointment and employment of officers and employees of the agency Department of Justice, Tax Division, and agency United States Attorney Office for the Northern District of Oklahoma,

(4) [O]rder Defendants, and each of them, be held liable to Plaintiff for any and all fees and costs associated with both the exhaustion of administrative remedies Plaintiff pursued

9

leading to the filing of this Complaint, and those fees and costs associated with the filing and prosecution of the Complaint herein, including any attorney fees.

(*Id.* at 18).

## ANALYSIS

### A.  Summary Judgment Standards

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Kendall v. Watkins*, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of Rule 56(c) mandates that a court enter summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322.  "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).  '[S]ummary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'  *Durham v. Xerox Corp.*, 18 F.3d 836, 838-39 (10th Cir. 1994).

Cases filed pursuant to FOIA are frequently resolved by way of summary judgment.  *See Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004); *Ledbetter v. Internal Revenue Serv.*, 290 F. Supp. 2d 1232, 1235 (N.D. Okla. 2003).  In a FOIA case, an agency may satisfy the summary judgment standard by showing that "each document that falls within the class

requested either has been produced, is unidentifiable or is wholly exempt from the Act's inspection

requirements." *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980) (internal

quotation marks and footnote omitted).  To demonstrate exemption from disclosure, a defendant may

rely on affidavits or declarations and other evidence from the agency.  *Envtl. Prot. Agency v. Mink*,

410 U.S. 73, 93 (1973).  Summary judgment may be granted solely on the basis of signed affidavits

if they are "sufficiently detailed and are submitted in good faith." *Ledbetter*, 290 F. Supp. 2d at

1235 (citation omitted).

**B.  Summary of Uncontroverted Facts**

1.      On March 16, 2015, Plaintiff filed his complaint (Doc. 19).  There, Plaintiff named as

defendants "(1) The agency UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT

OF OKLAHOMA, Danny C. Williams, Sr., Officially; (2) The agency UNITED STATES

DEPARTMENT OF JUSTICE, Eric D. Holder, Jr., Officially; (3) The EXECUTIVE OFFICE OF

UNITED STATES ATTORNEYS, Susan B. Gerson, Officially; (4) The OFFICE OF

INFORMATION POLICY, Sean R. O'Neill, Officially; (5) The DIVISION COUNSEL FOR FOIA

AND PA MATTERS, Carmen M. Banerjee, Officially." *Id.*

2.      On October 9, 2013, Plaintiff submitted two (2) requests to the "FOIA/PA Mail Referral

Unit, Justice Management Division," *id.* at 89-90, requesting documents related to the appointment

of Thomas Scott Woodward and Charles A. O'Reilly.  *Id.* at 9, ¶ 51.  Plaintiff received no response.

*Id*. at 9, ¶ 52.

3.      On October 9, 2013, Plaintiff also submitted requests to the EOUSA seeking documents

related to the appointment of Thomas Scott Woodward (FOIA No. 2014-00169) and Charles A.

O'Reilly (FOIA No. 2014-00473).  *Id.* at 34-35.  In response to this request, the EOUSA provided

an Appointment Affidavit for Woodward, *id.* at 36-41, and, after initially stating that no records were available, *id.* at 43, the EOUSA also provided an Appointment Affidavit for O'Reilly.  Doc. 28-1 at 4, ¶ 10; Doc. 33 at 9.

4.      Plaintiff submitted seven (7) FOIA requests to the United States Attorney's Office for the Northern District of Oklahoma (USAO-NDOK), designated FOIA No. 2015-01085.  Doc. 19 at 6, ¶ 38; Doc. 28 at 8.  The USAO-NDOK forwarded the requests to the EOUSA.  Doc. 19 at 7, ¶ 40-41.  The EOUSA produced Appointment Affidavits in response to two of the requests.  Doc. 28-1 at 4, ¶ 9; Doc. 28-2 at 3, ¶ 12; Doc. 34 at 1-2, ¶ 5.  The EOUSA stated that it found no records responsive to the other requests.  Doc. 28-1 at 4, ¶ 9; Doc. 28-2 at 4, ¶ 13.  The EOUSA subsequently found an Appointment Affidavit for O'Reilly and provided it to Plaintiff.  Doc. 28-1 at 4, ¶ 10.

5.      Plaintiff also mailed fourteen (14) FOIA requests to Carmen M. Banerjee, Doc. 19 at 6-7, ¶ 39, at an address provided by the Office of Information Policy (OIP) in their response to Plaintiff's administrative appeal.  Doc. 19 at 53-54; Doc. 28 at 10.  The address contained an inadvertent typographical error, Doc. 27 at 10, and thirteen (13) of the requests were returned to Plaintiff marked "Return to Sender."  Doc. 19 at 8, ¶ 44; Doc. 34 at 2, ¶ 10. One of the requests was not returned to Plaintiff and was answered by Banerjee's office.  Doc. 34 at 2, ¶¶ 11-13.


**C.  Claims under FOIA**

In *Williams v. U.S. Attorney's Office*, No. 03-CV-674-JHP-SAJ, 2006 WL 717474 (N.D. Okla. 2006) (unpublished), District Court Judge James H. Payne provided the following summary of the relevant law governing FOIA claims:

The FOIA was intended "to facilitate public access to Government documents." *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). It " 'reflect[s] a general philosophy of full agency disclosure[,]' ' *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 360-61 (1976)), to " 'ensure an informed citizenry, vital to the functioning of a democratic society.' ' *F.B.I. v. Abramson*, 456 U.S. 615, 621 (1982) (quoting *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978)). *Manna v. United States Dep't of Justice*, 51 F.3d 1158, 1163 (3d Cir. 1995). "To achieve . . . [these] goal[s], the FOIA is designed to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." ' *Anderson v. Dep't of Health and Human Servs.*, 907 F.2d 936, 941 (10th Cir. 1990) (quoting *Wren v. Harris*, 675 F.2d 1144, 1145 (10th Cir.1982) (quoting in turn *Rose*, 425 U.S. at 361)). The public's access, however, is not " 'all-encompassing," ' for it is allowed [access] " 'only to information that sheds light upon the government's performance of its duties." ' *Sheet Metal Workers Local No. 9 v. United States Air Force*, 63 F.3d 994, 996 (10th Cir. 1995) (quoting *Hale v. United States Dep't of Justice*, 973 F.2d 894, 898 (10th Cir. 1992), *vacated on other grounds*, 509 U.S. 918 (1993)). "[T]he FOIA is only directed at requiring agencies to disclose those 'agency records' for which they have chosen to retain possession or control." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 151 (1980).

The FOIA, in part, obligates an agency to make "promptly available" records that are "reasonably describe[d]" in a request. 5 U.S.C. § 552(a)(3). A district court reviews *de novo* an agency's decision on an FOIA request. 5 U.S.C. § 552(a)(4)(B); *Jones v. F.B.I.*, 41 F.3d 238, 242 (6th Cir. 1994). "[T]he burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *John Doe*, 493 U.S. at 152. To prevail on summary judgment in a FOIA case where full disclosure is claimed, the agency " 'must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." ' *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The issue is not whether there might be more documents, *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996), but whether the search was adequate, *Steinberg*, 23 F.3d at 551. " 'The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, non-conclusory affidavits submitted in good faith." ' *Steinberg*, 23 F.3d at 551 (quoting *Weisberg*, 745 F.2d at 1485); *see Kowalczyk*, 73 F.3d at 388. An agency's affidavits or declarations are " 'accorded a presumption of good faith." ' *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (quoting *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). Consequently, discovery on the agency's search "generally is unnecessary if the agency's submissions are adequate on their face." *Id.*

13

"To assess the adequacy of . . . [an agency's] search, we must first ascertain the scope of the request itself." *Nation Magazine, Washington Bureau v. United States Customs Serv.*, 71 F.3d 885, 889 (D.C. Cir. 1995); *see also Gillin v. I.R.S.*, 980 F.2d 819, 822 (1st Cir. 1992) ("The adequacy of an agency's search 'is measured by the reasonableness of the effort in light of the specific request." ' *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986)."). The requester must "reasonably describe[ ]" the records sought. 5 U.S.C. § 552(a)(3). "A request reasonably describes records if 'the agency is able to determine precisely what records are being requested." ' *Kowalczyk*, 73 F.3d at 388 (quoting *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982)). On the other hand, the "agency also has a duty to construe a FOIA request liberally." *Nation Magazine*, 71 F.3d at 890 (citations omitted).

"To show reasonableness at the summary judgment phase, an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate." *Nation Magazine*, 71 F.3d at 890 (citation omitted). In short, the agency's affidavits or declarations must establish "that the agency has conducted a thorough search." *Carney*, 19 F.3d at 812; *see also Manna*, 51 F.3d at 1162-63. "The affidavits must be 'reasonably detailed ..., setting forth the search terms and type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Nation Magazine*, 71 F.3d at 890 (quoting *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). "'If, . . . , the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper.'" *Kowalczyk*, 73 F.3d at 388 (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).

The FOIA does not provide a private right of action for monetary damages. *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993); *Soghomonian v. United States*, 82 F. Supp. 2d 1134, 1147 n.9 (E.D. Cal. 1999); *Gasparutti v. United States*, 22 F. Supp. 2d 1114 (C.D. Cal. 1998); *Daniels v. St. Louis VA Reg'l Office*, 561 F. Supp. 250, 251 (E.D. Mo. 1983); *Diamond v. FBI*, 532 F. Supp. 216, 233 (S.D. N.Y. 1981), *aff'd*, 707 F.2d 75 (2d Cir. 1983). Instead, the remedy under FOIA is limited to "enjoin[ing] the agency from withholding agency records and to order[ing] the production of any agency records improperly withheld from the complainant." *Coolman v. I.R.S.*, 1999 WL 675319, at *7 (W.D. Mo. 1999) (quoting 5 U.S.C. § 552(a)(4)(B)).

*Williams*, 2006 WL 717474 at *3-4.

14

Applying the relevant FOIA law to Plaintiff's claims, the Court finds that, based on the record provided by the parties and for the reasons discussed below, there is no genuine dispute of material fact and defendants are entitled to judgment as a matter of law.

**1. Plaintiff's FOIA Request Nos. 2014-00169 and 2014-00473 (Claims I and V)**

On October 9, 2013, Plaintiff submitted two requests for documents under FOIA. Doc. 19 at 34-35. The first request, No. 2014-00169, was directed to the EOUSA and included a request for documents related to the appointment of Thomas Scott Woodward, then the United States Attorney for the Northern District of Oklahoma. *Id.* at 34. In response to this request, the EOUSA provided a redacted Appointment Affidavit, *id.* at 36-39; Doc. 28-1 at 5, ¶ 11, as well as eventually providing an unredacted copy of the same Appointment Affidavit. Doc. 19 at 40-41. Plaintiff attempted to appeal the results of the request to the Department of Justice, but his appeal was dismissed as "no adverse determination [had] yet been made by EOUSA." *Id*. at 87. Based on the EOUSA's assertion that the Privacy Act (PA) restricts access to some of the materials Plaintiff requested, Plaintiff avers that additional "records exist but EOUSA refuses to provide them." Doc. 33 at 19.

The second request, No. 2014-00473, was directed to the EOUSA and included a request for documents related to the appointment of Charles O'Reilly, Special Assistant United States Attorney. Doc. 19 at 35. After receiving this request, the EOUSA sent a "no records" response. Doc. 28-1 at 4, ¶ 10. The EOUSA then discovered that an Appointment Affidavit was available for Charles O'Reilly, and Plaintiff was provided with a copy of the Appointment Affidavit. *Id*.

Plaintiff asserts that "[t]here are numerous instruments of appointment records and documents responsive to Plaintiff's October 9, 2013 FOIA [requests] to EOUSA and Defendants

should be ordered to produce them without further delay." Doc. 33 at 21. Defendants argue that they responded properly to Plaintiff's requests, and the records Plaintiff requested have been provided to him. Doc. 28 at 8; Doc. 28-1 at 5-6, ¶¶ 15-17. Upon review of the declarations provided in support of Defendants' motion for summary judgment and under the facts of this case, the Court finds that the searches described in the declarations were reasonably calculated to uncover all relevant documents. *See Trentadue v. F.B.I.*, 572 F.3d 794, 797-98 (10th Cir. 2009) (stating that "the focal point of the judicial inquiry is the agency's search process, not the outcome of its search. The issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate, which is determined under a standard of reasonableness, and is dependent upon the circumstances of the case." (brackets, ellipses, and internal quotation marks omitted) (emphasis in original)). Also, Plaintiff has failed to demonstrate that Defendants' initial decision to withhold information by redacting some of the documents was an improper use of FOIA exemptions. Therefore, the Court finds there is no genuine dispute of material fact with regard to Plaintiff's FOIA Request Nos. 2014-00169 and 2014-00473.

### 2. Plaintiff's FOIA Request No. 2015-01085 (Claims II and III)

On December 31, 2014, Plaintiff mailed seven (7) FOIA requests to the USAO-NDOK seeking information on six (6) individuals: Robert D. Metcalfe, Charles A. O'Reilly, Kenneth P. Snoke, James C. Strong, Thomas Scott Woodward, and Jeffrey A. Gallant. Doc. 19 at 6, ¶ 38. The USAO-NDOK forwarded the requests to the FOIA Unit, EOUSA in Washington, D.C., *id.* at 7, ¶ 40-41, and sent Plaintiff a letter confirming that they had forwarded the requests to the EOUSA. *Id.* at 76-77. Plaintiff subsequently received confirmation from the EOUSA that it had received the requests. *Id.* at 8, ¶¶ 46-47. The EOUSA sent Plaintiff a full response on July 23, 2015. Doc. 28-1

at 4, ¶ 9; Doc. 34 at 1, ¶ 5.  The EOUSA provided Appointment Affidavits for Woodward and Gallant, Doc. 28-1 at 4, ¶ 9; Doc. 28-2 at 3, ¶ 12; Doc. 34 at 1, ¶ 5, but could not provide records for Snoke, Metcalfe, O'Reilly, or Strong "because they were either no longer employed by or not employees of USAO/NDOK."  Doc. 28-1 at 4, ¶ 9; *see* Doc. 28-2 at 4, ¶ 13.

Plaintiff claims that he has "not received any records or documents requested in [his] [s]even FOIAs to Williams's agency evidencing the appointment to office of Robert D. Metcalfe, James C. Strong, Thomas Scott Woodward, Kenneth P. Snoke, Jeffrey A. Gallant, or Charles A. O'Reilly, other than the oaths of [o]ffice for Mr. Gallant in 2006, Mr. Woodward on May 25, 2010, and Mr. O'Reilly on January 5, 2009."  Doc. 34 at 2, ¶ 7.  Although Plaintiff claims that he did not receive all of the documents he asserts must exist, the question in a FOIA suit is not whether the Plaintiff received all the documents he wanted (or even all the documents that, in fact, exist), but whether the search was reasonably calculated to uncover all relevant documents.  Upon review of the declarations provided in support of Defendants' motion for summary judgment and under the facts of this case, the Court finds that the searches described in the declarations were reasonably calculated to uncover all relevant documents.  As a result, there is no genuine dispute of material fact with regard to Plaintiff's FOIA Request No. 2015-01085.

### 3.  Lack of responses to other requests (Claim IV)

#### a.  Plaintiff's FOIA requests to FOIA/PA Mail Referral Unit

Plaintiff states that, on October 9, 2013, he directed two requests to the "FOIA/PA Mail Referral Unit, Justice Management Division."  Doc. 19 at 9, ¶ 51.  These requests were substantively the same as those he sent to the EOUSA that are discussed above.  *Id.*  Plaintiff complains that he did not receive a response from the Mail Referral Unit, *id.* at ¶ 52, although he acknowledges that

he received responses to the same requests he sent to the EOUSA.  Defendants argue that, because Plaintiff received the information he sought in his requests to the FOIA/PA Mail Referral Unit through the response he received from the EOUSA, Plaintiff's claim is moot.  Doc. 28 at 7.

It appears that Plaintiff's complaint is that he never received a response from the FOIA/PA Mail Referral Unit.  Under 28 C.F.R. § 16.3(a)(2):

> A requester may also send requests to the FOIA/PA Mail Referral Unit, Justice Management Division, Department of Justice, 950 Pennsylvania Avenue NW., Washington, DC 20530–0001, or via email to MRUFOIA.Requests@usdoj.gov, or via fax to (202) 616–6695. The Mail Referral Unit will forward the request to the component(s) that it determines to be most likely to maintain the records that are sought.

Thus, 28 C.F.R. § 16.3 does not mandate that the FOIA/PA Mail Referral Unit send any response back to the requester.  Plaintiff fails to provide facts to support any allegation that the FOIA/PA Mail Referral Unit did not forward the duplicative requests to the proper unit.  The Court finds there is no genuine dispute of material fact with regard to Plaintiff's FOIA requests sent to the FOIA/PA Mail Referral Unit.

### b.  Plaintiff's FOIA requests directed to Carmen M. Banerjee

Defendants state that "in response to Plaintiff's appeal . . . the OIP suggested, as a courtesy, that Plaintiff may wish to seek information regarding Charles A. O'Reilly" by contacting Carmen Banerjee, and the OIP provided an address where Plaintiff could do so.  Doc. 28 at 10; Doc. 19 at 53-54.  On January 2, 2015, Plaintiff mailed fourteen (14) FOIA requests to Carmen M. Banerjee. Doc. 19 at 6-7, ¶ 39.  Plaintiff then received all the letters back marked "Return to Sender" except the letter requesting documents related to Jonathan S. Cohen.  *Id.* at 8, ¶ 44; Doc. 34 at 2, ¶ 10. Plaintiff subsequently received a response from Banerjee to his FOIA request for documents relating

to Jonathan S. Cohen.  *Id.* at 3, ¶ 13.  Defendants state that "the address provided by the OIP to Plaintiff contained an inadvertent typo."  Doc. 27 at 10.

The focus of a FOIA suit is to determine whether the actions taken by an agency in processing a FOIA request were reasonable.  There can be no claim that Defendants' actions upon receipt of the thirteen (13) requests were unreasonable when Defendants did not, in fact, receive the requests, as evidenced by Plaintiff's receipt of the letters marked "Return to Sender."  As a result, there is no genuine dispute of material fact with regard to Plaintiff's FOIA requests sent to Carmen M. Banerjee.

**D.  Claims under the APA (Claims VI, VII, and VIII)**

In claims VI, VII, and VIII, Plaintiff asserts that Defendants' failure to provide timely responses to his FOIA requests and to provide an accurate address where the public can obtain FOIA records or documents violate the APA.

Under the APA, a person aggrieved by agency action is entitled to judicial review.  *See* 5 U.S.C. § 702.  However, the APA provides for judicial review of final agency action only when "there is no other adequate remedy in a court."  5 U.S.C. § 704; *see also Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (stating that "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action.").  Therefore, if the relief Plaintiff seeks is available under FOIA, he cannot seek the same relief under the APA.  *See Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012); *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 537-38 (7th Cir. 2005); *Cent. Platte Nat. Res. Dist. v. USDA*, 643 F.3d 1142, 1148 (8th Cir. 2011); *Feinman v. F.B.I.*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) (stating that "[t]his Court and others have uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA.").

19

To the extent Plaintiff seeks a release of records that he contends have been wrongfully withheld, it is clear that FOIA provides an adequate remedy.  More specifically, FOIA provides that a district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  To the extent Plaintiff seeks judicial review of the alleged failure to respond in a timely manner to his requests, that relief also is available in a FOIA action.  Under FOIA, agencies are required to promulgate regulations "providing for expedited processing of requests for records" in certain circumstances.  5 U.S.C. § 552(a)(6)(E)(i).  The statute also provides that "[a]gency action to deny or affirm denial of a request for expedited processing . . . and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review" under § 552(a)(4).  5 U.S.C. § 552(a)(6)(E)(iii).  Plaintiff's request for fees and costs, including any attorney fees, is also provided under FOIA.  5 U.S.C. § 552(a)(4)(E)(i) (providing for assessment of fees and other litigation costs when "the complainant has substantially prevailed"), and the statute requires agencies to publish in the Federal Register "the established places at which, the employees . . . from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions."  5 U.S.C. § 552(a)(1)(A).  Therefore, because all of the relief Plaintiff seeks in this action is available under FOIA, he may not pursue the same relief under the APA.  *See Gagan v. Holder*, 2011 WL 6216971, *2-3 (D. Colo. Dec. 14, 2011) (unpublished).  Therefore, the Court declines jurisdiction over Plaintiff's APA claims and those claims are dismissed.

**E.  Injunction against Further Violations of FOIA and APA (Claim IX)**

Plaintiff requests that the Court "enter an injunction against each Defendant, and those in their direct employment and control, order[ing] each of them to produce all records and documents

responsive to Plaintiff's FOIA requests." *Id.* at 17, ¶ 100.  Because the Court finds that Defendants are entitled to summary judgment on Plaintiff's FOIA claims and has declined jurisdiction under the APA, injunctive relief is denied.

### *CONCLUSION*

The Court finds Plaintiff has failed to controvert Defendants' evidence that the searches pursuant to his FOIA requests were adequate. Nor has Plaintiff set forth any basis for the Court to find that the Declarations provided in support of Defendants' motion for summary judgment are not to be accorded a presumption of good faith. The FOIA requires an agency to search adequately its own records. The Court finds Defendants conducted an adequate search and provided non-exempt records requested by Plaintiff.  The pleadings and other filings show no genuine dispute as to any material fact. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's FOIA claims.  In addition, the Court declines jurisdiction of Plaintiff's APA claims.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment (Doc. 28) is **granted**.

2. Defendants' motion to dismiss the individual defendants, sued in their official capacity (Doc. 27), is **granted**.

3. Plaintiff's motion to disqualify Magistrate Judge Frank McCarthy (Doc. 15) is **denied**.

4. Plaintiff's motion to disqualify Danny Williams and Cathryn McClanahan (Doc. 29) is **denied**.

5. Plaintiff's motion to substitute a party (Doc. 30) is **declared moot**.

6. Plaintiff's motion for order making public (Doc. 43) is **denied**.

7. Plaintiff's motion for leave to file a surreply (Doc. 54) is **granted**.

8.      The remaining pending motions (Docs. 31, 42, 52, 59, 61, 62) are **declared moot**.

9.      A separate judgment shall be entered in this matter.


ORDERED THIS 30th day of October, 2015.


JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE