# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LINDSEY KENT SPRINGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0142-JED-FHM |
| | ) | |
| **UNITED STATES ATTORNEY** | ) | |
| **FOR THE NORTHERN DISTRICT** | ) | |
| **OF OKLAHOMA, Danny C.** | ) | |
| **Williams, Sr., Officially; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## **OPINION AND ORDER**

This is a closed civil action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Administrative Procedures Act (APA), 5 U.S.C. § 551, *et seq.* By Opinion and Order filed October 30, 2015 (Doc. 70), the Court granted summary judgment in Defendants' favor on Plaintiff's FOIA claims and dismissed Plaintiff's APA claims. The Court entered judgment (Doc. 71) against Plaintiff the same day. Plaintiff filed a notice of appeal on January 5, 2016 (Doc. 79). The United States Court of Appeals for the Tenth Circuit dismissed the appeal on March 4, 2016 (Doc. 90).

Before the Court are three post-judgment motions filed by Plaintiff: (1) an "application to set aside opinion, order, and judgment, dated October 30, 2015, for fraud on the court," filed July 26, 2018 (Doc. 104), (2) a "motion to determine the constitutional validity of the appointment to office of R. Trent Shores, Rachael F. Zintgraff, and Cathryn D. McClanahan," filed August 22, 2018 (Doc. 109), and (3) a "motion for partial judgment

on the pleadings," filed September 24, 2018 (Doc. 112). The Defendants filed a response in opposition to each motion (Docs. 107, 110, 113), and Plaintiff filed replies (Docs. 108, 111, 114). For the reasons that follow, the Court denies Plaintiff's motions.

I. **"Application to set aside opinion, order, and judgment, dated October 30, 2015, for fraud on the court" (Doc. 104)**

Plaintiff seeks relief from the judgment entered against him on October 30, 2015, under Fed. R. Civ. P. 60(d)(3), "due to Fraud on the Court." Doc. 104, at 5. He claims summary judgment was entered against him because Assistant United States Attorney Cathryn McClanahan committed three frauds on the court during summary judgment proceedings. *Id.* at 8, 17-20.

Defendants urge this Court to construe Plaintiff's motion as one seeking relief under Fed. R. Civ. P. 60(b)(3) and deny the motion as untimely. Doc. 107, at 7-9. Alternatively, they contend the motion should be denied on the merits. *Id.* at 10-12.

In his reply, Plaintiff objects to "recasting" his motion as one filed under Rule 60(b)(3), and argues his fraud claims are sufficiently pled and merit relief. Doc. 108.

Under Rule 60(b)(3), a "court may relieve a party . . . from a final judgment, order or proceeding" due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." A motion made under subsection (b)(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(d)(3), sometimes referred to as the savings clause to Rule 60(b), *see Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005), provides that the powers to grant relief from judgment, as provided

2

in Rule 60(b), "does not limit a court's power to: (1) entertain an independent action to relief a party from a judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court." The one-year time bar does no apply to Rule 60(d)(3) motions.

"Ordinarily . . . claims of fraud between the parties are brought under Rule 60(b)(3), while claims of fraud on the court are brought as an independent action which is recognized in the savings clause." *Zurich N. Am.*, 426 F.3d at 1291. However, a party alleging fraud on the court may file a motion seeking relief from judgment under either Rule 60(b)(3) or Rule 60(d)(3). *Id.* Under either subsection, the movant alleging fraud on the court must provide "evidence of 'an intent to deceive or defraud the court by means of a deliberately planned and carefully executed scheme.'" *Id.* at 1292 (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). The burden to establish fraud on the court is a heavy one.

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it*, will not ordinarily rise to the level of fraud on the court.

*Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir.1996) (emphasis in original) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). More recently, the United States Court of Appeals for the Tenth Circuit explained,

> "Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (en banc). To establish fraud on the court, one must prove that "the impartial functions of the court have been directly corrupted." *Id.* Furthermore, the party alleging fraud on the court bears a heavy burden to

> prove the fraud by clear and convincing evidence, and "all doubts must be resolved in favor of the finality of the judgment." *Id.* Indeed, a party alleging fraud on the court must demonstrate "conscious wrongdoing [, which] can properly be characterized as a deliberate scheme to defraud[,] before relief from final judgment is appropriate." *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).

*Orient Mineral Co. v. Bank of China*, 416 F. App'x 721, 725 (10th Cir. 2011) (unpublished)[1] (ellipsis and alterations in original).

In his motion, Plaintiff alleges McClanahan committed three frauds against the Court: first, "when she declared to this Court that she held a current valid appointment from the Attorney General personally under 28 U.S.C. § 542(a) as of October 1, 2015, *id.* at 7, 17-18; second, when she "falsely declared" that records he sought through FOIA-2014-00473 and FOIA-2015-01085 relating to the appointments of Charles O'Reilly, Kenneth Snoke and Thomas Woodward "were not retained in the USAO-NDOK," *id.* at 8, 18-19; and third, when she "falsely declared" that Snoke's records "were located at the National Personnel Records Center ("NPRC"), when she knew" those records "were never sent to NPRC by the USAO-NDOK," *id.* at 8, 19-20. In support of these claims, Plaintiff alleges that the records he sought through his FOIA requests "are clearly existing [and] within the reach of the FOIA and the USAO-NDOK" because United States Attorney R. Trent Shores produced some of those records on April 10, 2018, in response to a court order in "USA v. Springer, 09-CR-043." *Id.* at 17-20.

The Court declines to construe Plaintiff's motion as one seeking relief under Rule

---

[1] The Court cites this unpublished decision for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

4

60(b)(3). Plaintiff's motion alleges that a government attorney committed fraud on the court to obtain a favorable ruling. He specifically alleges McClanahan's false declarations were directly related to his FOIA claims and intended to influence the Court's decision on the issue of whether the agency's search for requested records was adequate. Doc. 104, at 18-20; *see* Doc. 70, at 12-17 (discussing FOIA claims). In other words, he alleges misconduct "directed to the judicial machinery itself." *Bulloch*, 763 F.2d at 1121; *see also Weese*, 98 F.3d at 542. Accordingly, the Court declines to dismiss the motion as untimely seeking relief under Rule 60(b)(3).

However, construing the motion as one seeking relief under Rule 60(d)(3), the Court finds and concludes, based on its review of the motion, response, and supporting materials submitted by the parties, that Plaintiff's allegations, even if proven true, would not be sufficient to meet the demanding burden to establish either "a deliberate scheme to defraud," *Robinson*, 56 F.3d at 1267, or that "the impartial functions of the court [were] directly corrupted," *Bulloch*, 763 F.2d at 1121, during the summary judgment proceedings. The Court therefore denies Plaintiff's motion for relief from judgment.

II. **"Motion to determine the constitutional validity of the appointment to office of R. Trent Shores, Rachael F. Zintgraff, and Cathryn D. McClanahan" (Doc. 109)**

Plaintiff asks this Court to issue an order determining the constitutional validity of: (1) R. Trent Shores' appointment as the United States Attorney for the Northern District of Oklahoma, as of September 21, 2017, (2) Rachael F. Zintgraff's appointment as an Assistant United States Attorney for the Northern District of Oklahoma, as of August 16, 2018, and (3) Cathryn D. McClanahan's appointment as an Assistant United States

Attorney for the Northern District of Oklahoma, as of October 1, 2015. Doc. 109, at 1. Plaintiff further requests that the Court "find that Mr. Shores, Ms. Zintgraff, and Ms. McClanahan are not properly appointed Officers of the United States and find that everything they have done in this case are void . . . ." *Id.* at 7.

Having reviewed Plaintiff's motion, Defendants' response (Doc. 110), and Plaintiff's reply (Doc. 111), the Court agrees with Defendants that Plaintiff's cited authorities do not support his requests and that Plaintiff's arguments are frivolous. In addition, Plaintiff previously challenged the validity of McClanahan's appointment as an Assistant United States Attorney for the Northern District of Oklahoma, *see* Docs. 40, 52, and the Court found "no legal basis for disqualification," Doc. 70, at 7. Nothing in Plaintiff's current motion convinces this Court to find otherwise. For these reasons, the Court denies the motion.

**III. "Motion for partial judgment on the pleadings" (Doc. 112).**

Citing Fed. R. Civ. P. 12(c), Plaintiff moves for partial judgment on the pleadings. Doc. 112, at 1. He contends his Rule 60(d)(3) motion is a "pleading" in an independent fraud action, and that he is entitled to "partial judgment" because Defendants either admitted or failed to deny the allegations in his Rule 60(d)(3) motion, as required by Fed. R. Civ. P. 8(b). *Id.*

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Even assuming Fed. R.

Civ. P. 12(c) applies in the context of a Rule 60(d)(3) motion alleging fraud on the court,[2] the Court denies Plaintiff's Rule 12(c) motion for the reasons discussed in Section I of this Opinion.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's "application to set aside opinion, order, and judgment, dated October 30, 2015, for fraud on the court," filed July 26, 2018 (Doc. 104), is **denied**.

2. Plaintiff's "motion to determine the constitutional validity of the appointment to office of R. Trent Shores, Rachael F. Zintgraff, and Cathryn D. McClanahan," filed August 22, 2018 (Doc. 109), is **denied**.

3. Plaintiff's "motion for partial judgment on the pleadings," filed September 24, 2018 (Doc. 112), is **denied**.

ORDERED this 25th day of February, 2019.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] Because a Rule 60(d)(3) motion is not considered a "pleading" under Fed. R. Civ. P. 7(a), it is not clear that either Rule 8(b) or Rule 12(c) applies.